## DAMAGES FOR BREACH OF CONTRACT TO PURCHASE REAL ESTATE.

Court of Appeals for Hamilton County.

HENRY EISENSTADT AND THEODORE FINKELMAN v. JOHN H. LUCKE AND JULIUS FLEISCHMANN.[*]

Decided, December 20, 1915.

*Refusal to Take Property as Per Contract—Measure of Damages for the Breach—Necessary Parties—Tender of a Deed Not Required, When—Evidence Showing Title.*

1. Where a contract for the sale of real estate runs in favor of persons to whom the proposed grantor is indebted, they are proper and necessary parties to an action for damages on account of failure of the defendant to take the property.

2. The measure of damages in such a case is the difference between the contract price and the market price at the time of the breach, and it is error to admit evidence as to what the property brought when offered at public auction at a later date and upon different terms.

3. Perfect title in the plaintiff is not shown by admission in evidence of a deed from the immediate grantor to plaintiff's creditor with a declaration of trust by the creditor in his favor.

4. A tender of a deed is unnecessary where the defendant has declared that under no circumstances does he intend to comply with the contract to purchase, and the plaintiff has made evident that he was ready and willing to perform his part of the contract.

5. It is prejudicial to the defendant in such a case to exclude a deed from the plaintiff to a third party for the property in question, which deed was executed prior to the breach but was not recorded for some time thereafter.

*D. S. Oliver,* for plaintiff in error.

*Kramer & Bettman, Alfred Bettman* and *John D. Ellis,* contra.

*Reversing *Lucke et al* v. *Eisenstadt et al*, 17 N.P.(N.S.), 209.

GORMAN, J.

In the Superior Court of Cincinnati the defendants in error commenced an action against plaintiffs in error to recover damages for the alleged breach of a contract for the sale of real estate. On a trial had to a jury a verdict was returned in favor of the plaintiffs below, and a judgment rendered thereon. Plaintiffs in error ask for a reversal of that judgment, claiming that several errors are disclosed in the record, prejudicial to them.

It is urged that inasmuch as Mr. Fleischmann, who held the legal title to the property contracted to be sold, had no interest in the damages which might be awarded in the action, therefore he was not a necessary or proper party plaintiff. The record discloses that Mr. Fleischmann held the legal title to the property in trust, to secure the Market National Bank on account of a debt owing by John H. Lucke to the bank, and that he was also trustee for Lucke of the equity which Lucke had in the property after the claim of the Market National Bank should be satisfied.

The contract to sell the property ran in favor of both Lucke and Fleischmann, trustee, and therefore Fleischmann and Lucke were necessary and proper parties. The fact that neither the Market National Bank nor Fleischmann, its trustee, would receive any part of the damages, if any should be awarded, was a matter between Lucke and Fleischmann, trustee. and was no concern of. the defendants.

The contract for sale obligated the plaintiffs Lucke and Fleischmann, trustee, to convey a perfect title. The only title proved was the offer and admission of a deed from the immediate grantor of Mr. Fleischmann, Elmer and Jessie Britney, and a written declaration of trust by Mr. Fleischmann in favor of Lucke.

We are of the opinion that this proof was insufficient to establish a perfect title in Fleischmann and Lucke, under the rule laid down in *Walch v. Barton*, 24 O. S., 28 Syl. 2:

"When a vendor of land having contracted to convey a perfect title, brings his action to compel specific performance against the

vendee, who denies the sufficiency of the vendor's title, the burden of showing title in himself rests on the plaintiff, and the introduction of a deed of recent date executed to himself, without further proof of title, is not sufficient.''

We see no good reason why the above rule, applied in a case of specific performance, should not be applied in an action for damages. In order to recover damages the plaintiff must prove that he has a perfect title or the defendant will not be required to respond. In a case of specific performance he must establish a perfect title in order to have a decree compelling the defendant to perform specifically. If he fails in his proof in the former case as to his perfect title, we apprehend that the rule of proof should not be more lax because he seeks redress in a court of law, rather than in equity, the forum of conscience.

It is not alleged, nor is it proven, that a deed was tendered to defendants before the commencement of the action. It is alleged and shown by the record that defendants were notified, both orally and in writing, that the plaintiffs were ready and willing to deliver a deed, but the defendants refused to accept it, repudiated the contract and refused to be bound by it. Under such a state of facts it would seem that the rule laid down in *Brewing Co.* v. *Maxwell*, 78 O. S., 54, would apply and excuse the plaintiffs from making a tender of a deed. When the party to whom the conveyance is to be made repudiates the contract and makes it certain that under no circumstances does he intend to comply with his part of the contract, a showing of readiness and ability on the part of the complaining party to perform his part, communicated to the other party is a sufficient compliance without an actual tender. While this rule was laid down in an equity case for specific performance, it appears to be a sound rule to apply in a case at law, such as the the instant case. Plaintiff should not be required to do a vain and useless act—a tender of a deed to one who has declared that he will not accept it.

It was error to admit evidence of the price received on the sale of the property at public auction, because the terms and conditions upon which the property was sold were different from those

contained in the contract of sale with the defendants, and as the price received might have been, and no doubt was, in some measure affected by the terms, that sale would not reflect the market value of the property. The measure of damages was the difference between the contract price and the market price at the time of the breach of the contract. This sale was made some time after the alleged breach.

Defendants offered in evidence a deed for this property from Julius Fleischmann to Gustave R. Fries, dated, attested and acknowledged six months prior to the date of the contract claimed to have been breached. The deed was not recorded until more than three months after the date of the contract. The court excluded this deed on the ground that the defendants failed to show that the deed had been delivered to Fries before the execution of the contract of sale. The trial court stated to counsel for defendants that, if he would show a delivery of the deed before the date of the contract, he would admit the deed in evidence. This, counsel for defendants failed to show.

In the case of *Oehler* v. *Walsh*, 7 C.C. (N.S.), 572, the circuit court of this county, the predecessor of this court, held that in the absence of evidence to the contrary it would be presumed that a deed was delivered on the date of its execution. See also *Devlin on Deeds*, Section 108, where it is said:

"But when the time of actual delivery is doubtful, resort must be had to presumption. And the presumption in cases of this kind, it may be stated, as a general rule, is that a deed is delivered at its date."

The deed having been recorded in October following the date of the contract, but dated in January prior to the date of the contract, the defendants had the right to offer the deed which presumptively was delivered before the date of the contract, to-wit, on the date of its execution. This presumption, to be sure, might have been rebutted by plaintiffs showing a delivery after the date of the contract, but the burden of thus showing delivery was not upon defendants but upon plaintiffs, and if they failed to overcome the presumption in favor of defendants' contention that the deed was delivered to Fries before the date of the con-

tract, then plaintiffs must fail because at the time the contract was made for the sale of the property to defendants plaintiffs ·could not give title. Fries was the owner, not the plaintiffs. It was therefore prejudicial to defendants to exclude this deed as evidence that plaintiffs were unable to perform at the time of the alleged breach.

It was not error to admit evidence of the contents of the contract of sale, when it was shown that the original contract had been destroyed by fire, although it was in existence when the action was commenced; but plaintiffs should have been required by supplemental petition, before admitting this evidence, to set up the destruction of the original contract after the suit was commenced.

We find no errors in the record prejudicial to plaintiffs in error except those herein pointed out; but on account of those errors noted, the judgment will be reversed and the cause remanded for a new trial.

JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.